IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEVIN PEARCY                                                                                          PLAINTIFF

                v.                             Civil No. 6:09-cv-06082

DEPUTY WAYNE HONEYCUTT,
Garland County Detention Center;
CAPTAIN MELVIN STEED, Garland
County Detention Center; and LT.
RON RODLEY, Garland County
Detention Center                                                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    Plaintiff, Kevin Pearcy (hereinafter Pearcy), filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

    On June 15, 2010 (Docs. 17-19), Defendants filed a motion for summary judgment. On July 13, 2010, an order (Doc. 20) was entered directing Pearcy to complete an attached notice regarding the summary judgment motion. The notice required Pearcy to state whether he would file a response to the summary judgment motion on his own or was requesting the Court's assistance by the preparation of a questionnaire.

    Pearcy was directed to return the attached notice by August 10, 2010. Pearcy was advised (Doc. 20) that if he failed to return the attached notice by August 10, 2010, the case would be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action.

    To date, Pearcy has not returned the notice. He has not requested an extension of time to file the notice. He has not otherwise communicated with the Court. The Court's order was sent to the address contained on the docket sheet. The order and attached notice have not been returned as undeliverable.

I therefore recommend that this case be dismissed based on Pearcy's failure to obey the order of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE